STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
Cumberland, SS. Clerk's Office

MAY 14 2019

RECEIVED

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-16-4025

STATE OF MAINE

v.                                                                    ORDER

BENJAMIN ROUSSEL

This matter is before the court on defendant's motion for return of property, specifically gift cards that defendant claims were not stolen property and were not identified on the search warrant or named in count two of the indictment.

On January 5, 2018, defendant pled guilty to one count of theft by deception (Class C), one count of theft by receiving stolen property (Class C) and one count of unlawful possession of scheduled drugs (Class C). The relevant crime for this motion is count two charging defendant with receiving stolen property.

Count two of the indictment alleged in pertinent part:

> From on or about December 29, 2010, through on or about February 14, 2014, . . . Defendant did commit theft pursuant to one scheme or course of conduct by receiving, retaining, or disposing of the property of another knowing that it had been stolen, or believing that it had probably been stolen, with the intent to deprive the owners of the property, and the value of the property was more than $1,000 but not more than $10,000, such property including, but not limited to, the property listed in Appendix A,[1] which is attached and incorporated by reference, in violation of 17-A M.R.S. §§ 352(5)(E), 359(1)(B)(4).

---

[1] Attachment A does not appear in the court's file and has not been produced by the State or the defendant. Defendant simply asserts in his motion that "it does not appear as if Count 2 included the gift cards." Because the language of count two is very broad and not limited to the property listed in Attachment A, the court does not consider whether the gift cards were included in the indictment. For purposes of this motion,

The State has a total of nine (9) gift cards in the evidence locker at the Westbrook Police Department. See Court Ex. 1. The gift cards range from the lowest in the amount of $56.99 to the highest in the amount of $239.88, totaling $1,623.19 for all nine gift cards. The State seized these gift cards in the execution of a lawful search warrant. Prior to the present motion, defendant did not claim that the gift cards were unlawfully seized or that they were not contraband.

At the hearing on the instant motion, the defendant claimed that the prosecutor promised that the gift cards would not be used against him, but the tape of the plea and sentencing does not reflect any such agreement. Defendant admitted at his sentencing and told the sentencing judge that there were no promises other than the plea agreement.

M.R.U.Crim.P 41(j) provides:

A person aggrieved by an unlawful seizure of property may file a motion in the Unified Criminal Docket for the return of the property on the ground that it was illegally seized. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the court shall order that the property be restored unless otherwise subject to lawful detention.

Defendant did not file a motion to suppress and does not contend that the gift cards were illegally seized. The defendant did not challenge the search warrant or the interview conducted the same days as the search. The warrant authorized searching for stolen property. The lead officer in the execution of the search warrant testified that gift cards were seized together with purses, fit bits and other stolen items. Defendant was in the business of selling stolen high end items over the internet. Some of the gift cards were packaged for mailing out, having been sold on ebay. The defendant handed over two gift cards that he suspected were stolen and there were other gift cards in a brief case

---

the court concludes that the gift cards were properly part of the contraband seized in the execution of the search warrant and targeted in the indictment.

2

belonging to defendant. The case also case contained illegal drugs. This officer, who interviewed the defendant, testified that defendant told him that "some of the cards were legitimate." But the defendant did not identify which cards were legitimate. Defendant also argued that the cards ready for mailing to their purchasers belonged to the defendant.

During the interview defendant was concerned he would be charged for the drugs found during the search. The gift cards were kept in a brief case waiting to be sold with illegal drugs. He admitted that he suspected some of the gift cards that he had were stolen. Typically, when he received gift cards, he did not inquire whether gift cards were stolen. Defendant sold the cards on line for one-half of what they were worth.

Based on all of the evidence concerning the gift cards, the court concludes that it is more likely than not that the gift cards were stolen, and even if there were not all stolen, defendant is unable to identify those that were stolen and those that were not stolen. Moreover, the gift cards in the Police evidence locker were properly seized pursuant to a lawful search warrant. Accordingly, defendant's motion for return of property is denied.

Accordingly, defendant's motion is DENIED.

The entry shall be: Motion to Return Property is DENIED.

Dated: May 10, 2019

Joyce A. Wheeler, ARJ
Justice, Superior Court

3